UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Frederick A. Hughes,
	Plaintiff

	v.                                    Civil No. 10-cv-207-SM
                                           Opinion No. 2010 DNH 174
Standard Hardware Distributors, Inc.;
Bradford Geer; Robert Lachance;
Joan Varney; Edward Chernesky;
Charles Colletta; and Richard Edmunds, Sr.,
	Defendants


**O R D E R**

In March of this year, pro se plaintiff, Frederick Hughes, brought suit against his former employer and several individual defendants.  Hughes claims he was wrongfully terminated from his employment.  He says defendants discriminated against him based upon his age and an alleged disability.  Defendants deny any wrongdoing and say Hughes was fired for a single reason: he threatened "to get a '45' (handgun) and blow his [supervisor's] head off," Exhibit 1 to Plaintiff's Complaint, Merrimack Police Department, Officer's Formal Report (document no. 1-1) at 2. Hughes admits he made that comment.

In lieu of filing an answer, defendants filed a "Motion to Dismiss the Plaintiff's Complaint, or in the Alternative, for Summary Judgment" (document no. 13).  Plaintiff responded by filing a "Rule 41(a)(2) Request for Voluntary Dismissal Without

Prejudice" (document no. 17).[1]  For the reasons set forth below, plaintiff's complaint is dismissed without prejudice, pursuant to Rule 41(a)(1).  Defendants' motion to dismiss is denied as moot.

### Discussion

Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [T]he plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal <u>before</u> the opposing party serves either <u>an answer</u> or <u>a motion for summary judgment</u>; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A) (emphasis supplied).  Subject to an exception not invoked by defendants, the rule also provides that such a dismissal shall be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  <u>See also</u> <u>Universidad Cent. Del Caribe v. Liason Comm. on Medical Educ.</u>, 760 F.2d 14, 19 (1st Cir. 1985) ("[T]he plaintiff had the right voluntarily to dismiss the case at any time before an answer or a motion for summary judgment was

---

[1] As defendants acknowledge, notwithstanding the caption to plaintiff's motion, he actually invokes the provisions of Rule 41(a)(1), not (a)(2), in support of his request to voluntarily dismiss his claims without prejudice.  <u>See</u> Plaintiff's motion at para. 4.  <u>See also</u> Defendants' objection (document no. 18-1) at 2.

served.  The plaintiff properly invoked that right, and the district court had no power to condition its dismissal.").

In opposing plaintiff's right to voluntarily dismiss his claims without prejudice, defendants assert that the "fact that the defendants' motion to dismiss is, in the alternative, a motion for summary judgment, takes Mr. Hughes' request for voluntary dismissal out of the realm of Rule 41(a)(1)." Defendants' memorandum (document no. 18-1) at 2.  The court disagrees.

In addressing the arguments advanced by defendants, it is, perhaps, best to begin with the factual and legal issues not in dispute.  First, defendants did not file an answer to plaintiff's complaint.  Second, the filing of a motion to dismiss does not preclude a plaintiff from invoking his or her right under Rule 41(a)(1)(A) to voluntarily dismiss an action without prejudice. As the Court of Appeals for the Third Circuit has observed:

> Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice.  Only when a motion filed under Fed. R. Civ. P. 12(b)(6) is converted by the district court into a motion for summary judgment does it bar voluntary dismissal. Here, defendants do not contend their motion was converted to a motion for summary judgment, or that it should be treated as an answer.

In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3d Cir. 2008) (citations and footnote omitted).  See also Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3d Cir. 1987) (collecting cases).  Finally, while defendants' memorandum mentions that the court has discretion to convert such a motion into one for summary judgment, the court did not exercise that discretion.  See generally Buck v. American Airlines, Inc., 476 F.3d 29, 38 (1st Cir. 2007) (noting that "conversion is wholly discretionary with the district court"); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("the conversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially within the purview of the district court's sound discretion.").

Accordingly, plaintiff cannot unilaterally withdraw his complaint (without prejudice) only if defendants' pending dispositive motion qualifies as a motion for summary judgment.  See, e.g., Universidad Cent. Del Caribe, 760 F.2d 14, 19 (1st Cir. 1985) ("Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court.  Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule

4

41(a)(1)(A)(i).") (quoting D.C. Electronics, Inc. v. Nartron Corp., 511 F.2d 294, 298 (6th Cir. 1975)). Given the particular circumstances of this case, and the manner in which defendants argued their motion, the court concludes that, despite its ambiguous caption, defendants' motion is one to dismiss.

The relief defendants sought through the motion was dismissal for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), the standard of review they invoked pertains to dismissals under Rule 12(b)(6), see defendants' memorandum (document no. 13) at 2, and defendants' memorandum repeatedly references precedent for the proposition that plaintiff's various claims should be dismissed for failure to state a claim. Additionally, as noted above, the court did not convert defendants' motion to one for summary judgment. Finally, the relief defendants sought in their prayer for relief was plainly dismissal of plaintiff's claims, rather than judgment as a matter of law.

> For all of the foregoing reasons, the defendants respectfully request that this Court dismiss Mr. Hughes' Complaint in its entirety as failing to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). . . . Even giving Mr. Hughes the benefit of all reasonable inferences to be derived from his allegations, his Complaint fails to establish any entitlement to relief.

Defendants' memorandum at 14.

In light of all those factors, the court concludes that defendants' motion is one to dismiss plaintiff's claims under Rule 12(b)(6).  See generally Universidad Cent. Del Caribe, 760 F.2d at 17 (noting that "nothing in the record . . . supports the contention that the district court treated the Rule 12(b)(6) motion as a motion for summary judgment," and, given the manner in which the motion was presented and argued, defendant "clearly intended that the motion be one for dismissal.").  Accordingly, the filing of defendants' motion did not preclude plaintiff from voluntarily dismissing his claims under Rule 41(a)(1).

## Conclusion

The court is not unsympathetic to defendants' concern that, given certain comments by plaintiff, he may be engaged in what might plausibly be viewed as "recreational litigation."  And, because he has voluntarily dismissed his claims without prejudice, it is possible that he may pursue those or similar claims in state court.  But, "[i]n light of the plain language of Rule 41(a)(1), [defendants] cannot complain that the plaintiff exercised [his] prerogative under the rule when [defendants] could have prevented voluntary dismissal simply by answering the complaint."  Manze, 817 F.2d at 1066.  Had defendants' answered plaintiff's complaint, raised its failure to state a claim as a defense, and then moved for judgment on the pleadings, see Fed.

R. Civ. P. 12(c), plaintiff would not have been able to avail himself of the provisions of Rule 41(a)(1).

For the foregoing reasons, plaintiff's complaint is dismissed without prejudice. Defendants' motion to dismiss (document no. 13) is denied as moot. The Clerk of Court shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 4, 2010

cc: Frederick A. Hughes, pro se
    Jennifer L. Rousseau, Esq.